# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, (Rural Development f/k/a/ Farmers Home Administration), <br><br> Plaintiff, <br><br> vs. <br><br> JOSEFINA ACOSTA-RAMOS. <br><br> Defendant. | CIVIL NO. 2006-018 |

## JUDGMENT ORDER
### February 16, 2011

A bench trial in this matter was conducted on February 4, 2011. Plaintiff United States of America appeared and was represented by counsel. Defendant Josefina Acosta-Ramos appeared *pro se*. Upon consideration of the evidence presented at trial and the entire record before this Court, the Court finds as follows:

1. On August 3, 1981, Defendant Josefina Acosta-Ramos ("Ramos") executed and delivered to the United States of America, acting through Rural Development f/k/a/ Farmers Home Administration, an agency of the U.S. Department of Agriculture, a promissory note (the "Note") in which Ramos promised

1

to pay the United States of America the principal sum of Forty-eight Thousand, Four Hundred Eighty dollars ($48,480.00), together with interest at the rate of 13% per annum.

2. On the same date, Ramos also executed and delivered to the United States a real estate mortgage (the "Mortgage") covering certain land and premises described as Plot No. 150 Estate Humbug, Queen Quarter, St. Croix, consisting of 0.230 U.S. acres, more or less, as more fully shown on PWD Drawing No. 3254 dated December 2, 1975, revised March 13, 1978. (the "Property"). By its terms, the Mortgage secures payment of the indebtedness owed by Ramos to the United States under the Note. The Mortgage was recorded at the Office of the Recorder of Deeds for St. Croix on August 4, 1981 at Official Photocopy 297, page 144, Doc. No. 2344.

3. On August 3, 1981, Ramos also entered into a Subsidy Repayment Agreement with the United States, providing for the United States to recapture interest credits granted to Ramos upon foreclosure of the Mortgage.

4. Ramos and the United States also entered into three Reamortization and/or Deferral Agreements as follows:

    a. May 16, 1984 for the unpaid principal balance of $48,871.82.

    b. February 25, 1986 for the unpaid principal balance of $49,062.44.

2

   c. March 3, 1991 for the unpaid principal balance of $43,126.71.

 5. On May 15, 2000, Ramos filed for protection under Chapter 7 of the Bankruptcy Code. The Chapter 7 Trustee abandoned the Property as being of no value to the estate. During the Chapter 7 Bankruptcy proceeding, Ramos did not officially declare her intentions concerning the Property abandoned by the Chapter 7 Trustee. After receiving her Chapter 7 bankruptcy discharge, the United States notified Ramos that it would treat the debt owed on the Note as an unreaffirmed debt and continue to service the loan as if no bankruptcy had been filed. The United States also informed Ramos that it would not hold her personally liable for the debt, or seek a deficiency judgment against her, but would look only to the Property for recovery of the debt.

 6. Ramos failed to make any payments on the Mortgage after 1998 and is in default under the terms and conditions of the Note, Mortgage and Reamortization and/or Deferral Agreement, for, among other things, failure to make timely payments of principal and interest when due. The United States made demand upon Ramos for payment of the outstanding principal, interest and other charges due. Ramos failed to cure the default and pay all outstanding amounts demanded.

 7. As of February 3, 2011, the United States asserts that an outstanding indebtedness by Ramos as follows: principal in the amount of $42,427.42;

3

interest in the amount of $69,768.11; maximum subsidy recapture in the amount of $38,130.32; and costs in the amount of $1,526.30. However, under the circumstances of this case, including a letter from the United States to Ramos dated September 29, 2000 wherein the United States indicated that it would "not hold [Ramos] personally liable for the debt," (Plaintiff's Trial Exhibit 11), as well as the effect of the aforesaid Chapter 7 bankruptcy discharge on Ramos' personal indebtedness, the Court shall award the United States possessory rights only in the Property but finds no basis to enter a monetary judgment against the Defendant.

8.  The Court also finds that Ramos has filed an administrative complaint of discrimination with the United States Department of Agriculture's Office of Civil Rights, which is pending. Ramos reserves all rights with respect to the same, but has not established that it compels the Court to stay this proceeding.

**NOW, THEREFORE,** it is hereby

**ORDERED, ADJUDGED AND DECREED** that judgment is entered in favor of the United States; and it is further

**ORDERED, ADJUDGED AND DECREED** that the lien of the United States is first in priority on the Property; and it is further

4

**ORDERED, ADJUDGED AND DECREED** that the United States' mortgage lien held on the Property described as:

> Plot No. 150 Estate Humbug, St. Croix, U.S. Virgin Islands, consisting of 0.230 U.S. acre, more or less, all as more fully shown on Public Works Department Drawing No. 3254, dated December 2, 1975 and revised March 13, 1978,

be foreclosed and that the Property be sold by the United States Marshal at a judicially supervised sale, and it is further

**ORDERED, ADJUDGED AND DECREED,** that all other liens or encumbrances that may have been recorded against the Property after the date of recording of the mortgage and the notice of *lis pendens* in this matter or that may be recorded any time hereafter against the interests of Defendant Ramos or her successors and assigns in the Property, are herewith foreclosed; and it is further

**ORDERED, ADJUDGED AND DECREED** that the proceeds of such sale shall be distributed by the United States in satisfaction of its costs and expenses.

**ORDERED, ADJUDGED AND DECREED,** that Defendant Ramos and her heirs, successors, assigns, or personal representatives, and all persons claiming from or under her shall be forever barred of and foreclosed of and from all rights

of redemption and claim of, in, and to the Property, with the exception of such statutory rights of redemption as may exist under applicable law; and it is further

**ORDERED, ADJUDGED AND DECREED** that Plaintiff United States shall not proceed to sell the Property until Defendant's administrative complaint has been resolved by the Department of Agriculture.

s/ John E. Jones III
John E. Jones III
United States District Judge

ATTEST:

WILFREDO F. MORALES

Clerk of the Court
By: [signature]
Deputy Clerk

cc:  Angela P. Tyson-Floyd, AUSA
     Josefina Acosta-Ramos, *Pro Se*